

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | | |
|---|---|---|
| LARRY JAMES TYLER, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 9:22-01544-MGL-MHC |
| | § | |
| JAMES HUDSON and DIANN WILKS, | § | |
| Defendants. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION

Plaintiff Larry James Tyler (Tyler) filed this lawsuit against James Hudson (Hudson) and Diann Wilks pursuant to 42 U.S.C. § 1983. Tyler is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court Tyler's motion for summary judgment be denied, and Hudson's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 13, 2023, and the Clerk of Court entered Tyler's objections on July 31, 2023.  The Court has reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

As per the law of the Fourth Circuit, this Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court reviews the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

Here, Tyler wholly failed to bring any specific objections to the Report.  Instead, he offers nothing more than non-specific objections.  Inasmuch as the Court agrees with the Magistrate Judge's analysis of Tyler's and Hudson's motions for summary judgment, which the Magistrate Judge sets forth in her comprehensive and well-reasoned Report, it need not repeat her discussion here.

Consequently, because Tyler neglects to make any specific objections to the Report, and the Court has failed to find any clear error on the face of the record, the Court will overrule Tyler's non-specific objections and accept the Magistrate Judge's recommendation that Tyler's motion for summary judgment be denied, and Hudson's motion for summary judgment be granted.

Further, inasmuch as the Magistrate Judge warned Tyler of the consequences of failing to file specific objections, Report at 15, he has waived appellate review.  *See Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 508-09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Tyler's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Tyler's motion for summary judgment is **DENIED**, and Hudson's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 1st day of August, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

**\*\*\*\*\***

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.